Honorable Ronald J. Schultz Pinellas County Property Appraiser 315 Court Street Clearwater, Florida 33516
Dear Mr. Schultz:
You have asked for my opinion on substantially the following questions:
 1. CAN A PERSON ACTING AS AN AGENT FOR A HOMEOWNER UNDER THE AUTHORITY OF A POWER OF ATTORNEY SIGN THE HOMESTEAD EXEMPTION APPLICATION OR RENEWAL CARD ON BEHALF OF THE HOMEOWNER?
 2. IF THE ANSWER TO QUESTION NO. 1 IS IN THE AFFIRMATIVE, IS THE PROPERTY APPRAISER UNDER A DUTY TO INVESTIGATE THE VALIDITY OF SUCH POWER OF ATTORNEY?
 3. IF THE ANSWER TO QUESTION NO. 2 IS IN THE AFFIRMATIVE, WHAT ARE THE APPROPRIATE PROCEDURES TO EMPLOY IN SUCH AN INVESTIGATION?
QUESTION ONE
The provisions of s 196.131(1), F.S., read as follows:
 (1) Each taxpayer who claims said exemption shall file one of said forms, properly filled out and executed, with the property appraiser on or before March 1 of each year; and the failure to do so shall constitute a waiver of said exemption for such year. At the time each taxpayer files claim for homestead exemption, the property appraiser shall deliver to him a receipt over his signature, or that of a duly authorized deputy, which shall appropriately identify the property covered in the application, shall bear date as of the day such application is received by the property appraiser, and shall include any serial number or other identifying data desired by said property appraiser. The possession of such receipt shall constitute conclusive proof of the timely filing of such application.
Also, s 196.011(5), F.S., provides that:
 (5) The owner of property that received an exemption in the prior year, or a property owner who filed an original application that was denied in the prior year solely for not being timely filed, may reapply on a short form as provided by the department. The short form shall require the applicant to affirm that the use of the property and his status as a permanent resident have not changed since the initial application.
It is obvious that the above-cited language of ss 196.131(1) and196.011(5) neither expressly authorizes nor prohibits a taxpayer from filing a homestead exemption application or short form renewal card through an agent acting under the authority of a power-of-attorney. Cf., s 196.071, F.S., expressly authorizing a member of the armed forces to file a claim for homestead exemption through the next of kin or through any other person he may duly authorize in writing to file such claim.
The general rule of law on the capacity to appoint an agent is that, except as to acts so peculiarly personal that their performance may not be delegated or acts regulated by statute which are required to be performed personally, an individual may do all acts through an agent which he could do himself. 2A C.J.S. Agency s 25. See also, AGO 078-89, and cases cited therein. I am of the view that the legal authorities cited below support the conclusion that the filing of an application for exemption from ad valorem tax is not an act so peculiarly personal in nature as to be nondelegable.
A power of attorney may be defined as a written authorization to an agent to perform some specified act or acts in behalf of his principal. The primary purpose of a power of attorney is not to define the authority of the agent as between himself and his principal, but to evidence the authority of the agent to third parties with whom the agent deals; and the person holding a power of attorney is known and designated as `attorney-in-fact', thus distinguishing such person from an attorney at law. 2 Fla.Jur.2d Agency and Employment s 17.
The Florida statutes contain specific provisions relating to the use of powers of attorney in connection with the ownership of real property. For instance, Ch. 689, pertaining to conveyances of land and declarations of trust, expressly provides that a conveyance of land may be made by a duly authorized attorney or agent. See, s689.06, F.S. Section s 689.111, F.S., provides that homestead realty owned by an unmarried person may be conveyed or mortgaged by virtue of a power of attorney, and that homestead realty owned by a married person or owned as an estate by the entirety may, with certain limitations, be conveyed or mortgaged by virtue of a power of attorney executed in the same manner as a deed. Also, s708.09, F.S., provides that a married woman may give a power of attorney to her husband and may execute powers conferred upon her by her husband pursuant to a power of attorney, `including the power to execute and acknowledge all instruments, including relinquishments of dower, conveying, transferring, or encumbering property, or any interest in it, owned by her, or by herself and her husband as tenants by the entirety, or by her husband.'
In your opinion request letter, you cite AGO 057-374. However, AGO 057-374 does not appear to be material to the present inquiry, since the Attorney General expressly observed in AGO 057-374 that `[w]e are not here passing upon the right, under the state constitution and statutes, to claim homestead tax exemption, but are considering only the question of the right of a homesteader to file an application for homestead tax exemption subsequent to April 1 of the tax year.'
In AGO 078-89, it was pointed out that the legal authorities are in general accord that acts of voting and registration are of such personal character that they may not be delegated to an agent in the absence of statutory authority. Based on this general rule of law, my predecessor in office concluded that an agent may not be appointed to register a person to vote in the State of Florida. However, I am of the view that AGO 078-89 is not controlling on the question presented here because the act of filing a homestead exemption application is not comparable in personal nature to the act of registering to vote. I would note that the provisions of s97.041(2), F.S., require a person to present himself to register, whereas s 192.047, F.S., allows a taxpayer to file an application for homestead exemption by mail.
Furthermore, as discussed above, the Florida statutes expressly provide that homestead property may be mortgaged and even conveyed pursuant to a power of attorney. It seems evident that the act of filing an application for homestead exemption is not as peculiarly personal in nature as the act of conveying the homestead property, which latter action may be executed by virtue of a power of attorney pursuant to express statutory authority. Section 689.111, F.S.
Based on the foregoing authorities, Question One is answered in the affirmative.
QUESTIONS TWO AND THREE
Section 196.141, F.S., requires the Property Appraiser to examine each claim for an exemption to determine if the claim is in accordance with law. In addition, the related provisions of s196.151, F.S., require the Property Appraiser to consider all applications for tax exemptions and to make an investigation to determine whether or not the applicant is entitled to the tax exemption.
There are no statutory or regulatory provisions imposing any special duties on the Property Appraiser with respect to exemption applications executed or filed by an agent of the taxpayer, even though the provisions of s 196.071 do currently allow a member of the armed forces to file a claim for homestead exemption through his next of kin or through an agent duly appointed in writing. In view of the absence of any such special duties placed on the Property Appraiser, then an application executed or filed by an agent operating under the authority of a power of attorney should apparently be examined by the Property Appraiser with the same scrutiny that would be given to a homestead exemption application executed or filed directly by the taxpayer himself.
Consequently, the nature and extent of any investigation of the validity of a power of attorney are matters that must be administratively determined by the Property Appraiser pursuant to his express statutory duties under ss 196.141 and 196.151 to examine and investigate each homestead exemption application to determine if it complies with Florida law.
In summary, the execution and filing of a homestead exemption application or short form renewal card for a taxpayer by an agent operating under the specific authority of a power of attorney appears to be legally permissible in Florida because the pertinent ad valorem tax exemption statutes do not expressly require that the filing be done in person, and because the act of filing a homestead exemption application does not appear so peculiarly personal in nature as to be nondelegable. The nature and extent of any investigation by the Property Appraiser concerning the validity of any such power of attorney are matters that must be administratively determined by the Property Appraiser pursuant to his express statutory duties to examine and investigate each homestead exemption application form to determine if it complies with Florida law.
Sincerely,
Jim Smith, Attorney General
Prepared by: J. Terrell Williams, Assistant Attorney General